UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF RHODE ISLAND

PAUL M JOHNSON Jr
A#42-274-124

V.

ALBERTO R. GONZALEZ,Attorney General,
MICHAEL CHERTOFF,Secretary of Homeland
Security;BRUCE CHADBOURNE,Interim Director
for Removal, BUREAU of IMMIGRATION CUSTOMS
ENFORCEMENT

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. 2241

The petitioner Paul m Johnson Jr was born in the republic of LIBERIA on February 24 1981. The petitioner father Paul M Johnson Sr became a U.S. Citizen on July 5, 1989 in the U.S. District Court of NEWARK,NJ. The petitioner father Paul M Johnson Sr send for the petitioner Paul M Johnson Jr in 1990 when he was 9 years old. The petitioner has been awaiting deportion for six months now.

JURISDICTION

This action arises under the constitution of the United States,the INA, 8 U.S.C.1101et seg.,as amended by the ILLEGAL IMMIGRATION REFORM and IMMIGRATION RESPONSIBILTY ACT of 1996 (IIRIRA) Pub .L.No 104-208,110 stat. 1570, and the Administrative Procedure Act (APA) 5 U.S.C. 701 et seg. This court has jurisdiction under 28 U.S.C. 2241,artI 9,C1.2 of the United Stateds constitution (Suspension Clause) and 28 U.S.C.1331, as the petitioner is presentlty in custody under color of the authority of the United States, and such custody is violation of the constitution, law or treaties of the UNITED STATES .See ZADVYDAS V. DAVIS, 533 U.S. 678,1215.ct.2491(2001).

DEMONSTRATE

Immigration must demonstrate to this court that travel document are in hand, provide any evidence or even assurances from the Liberia, that travel documents will be issued in a matter of days or weeks or even months.see,e.g., OKWILAGWE V. INS,NO.3-01-CV-1416-BD,2002 WL 356758,2-3(N.D.TEX.MAR.1,2002)(Alien detained for eleven months after INS represented that it would have travel documents in a few days; court found that if INS did not have documents in hand, it failed to sustain it's burden of showing that alien's removal would occur in the reasonably foreseeable future);LEWIS V. INS, Case No. 00CV0758(SJ),2002 WL 1150158(E.D.N.Y.May 7, 2002)(If INS could not remove alien who had been detained for 23 months within 30 days, alien would be released)

ARGUMENT

In ZADVYDAS, the supreme court heid that 8 U.S.C. 1231(a)(6),when "read in light of the constitution's demands,limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the UNITED STATES. Id.,121 S.CT.at 2498.A habeas court must(first) ask whether the detention in question exceeds a period reasonably necessary to secure removal."Id.at 2504.IF the individuals's removal is not reasonably foreseeable,the court should hold continued detention unreasonably and no longer authorized by statute.Id

In determining the length of a reasonable removal period, the court adopted a presumptively reason period of detention of six months.Id .at2504.After six months, the government bears the burded of disproving an alien's good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."see ZHOU V. FARGUHARSON 2001 U.S.Dist.Lexis 18239, 2-3(D. MASS.Oct.19,2001)(Quoting and summarizing ZADVYDAS).More,[F]or detention to remain reasonably,as the period of prior post-removal confinement grows, what count as the reasonably foreseeable future conversely would have to shrink.)ZADVYDAS,121 S.CT.at 2505.BICE'S administrative regulations also recognize that the HQPDU has a six month period for determing whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. see 8 C.F.R. 241.4(K)(2)(ii). Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable

see. THOMPSON V. INS,2002 U.S.Dist.Lexis 23936(E.D.LA September 16 ,2002)(Government failed to show that alien's deportation to Guyana was reasonably foreseeable where the Government offered historical statistics of repatriation to Guyana,but failed to show any response from Guyana on the application for travel documents that INS and the petitioner had requested);KACANIC V.ELWOOD 2001 U.S.Dist.Lexis 21848 at*14(E.D.PENN.November 8,2002)(Government's reliance on date concerning removals of other aliens to Yugoslavia did not satisfy ZADVYDAS because government failed to give information about the number of aliens that were denied travel papers and did not provide individualized information about the removed aliens that would allow a meaningful comparison" of removed aliens to the petitioner); ABLAHAD V. ASHCROFT, 2002 U.S. Dist.Lexis 17405 at * 4(N.D.I11 .September 6,2002)(Evidence that aliens have been deported to petitioner's country is not sufficient to carr the government's burden under ZADVYDAS). Rather, for the government to meet it's burden of showing that an alien's repatriation is reasonably foreseeable,it must provide some meaningful evidence particular to the individual petitioner's case. Compare THOMPSON,KACANIC,and ABLAHAD with KHAN V. FASANO,194 F.Supp. 2d 1134(S.D.CAL 2001) (Eight month detention following final order was not unreasonable where INS requested travel documents for petitioner,Pakistani consulate indicated that petitioner's travel document application had been forwarded to the appropriate ministry,INS had sucessfully repatriated PAKIStani nationals during 2001,suggest that there were no institutional barriers to successful repatriation,and a meeting was scheduled with PAKISTANI government to discuss petitioner's case).

An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. see AGBADA V. ASHCROFT,2002 U.S. Dist.Lexis 15797 (D.MASS.August 22,2002)(Court "will likely grant" Habeas petition after fourteen months if BICE is unable to present document confirmation that the NIGERIAN government has agreed to [petitioner]repatriaton); ZHOU,2001 U.S. Dist.Lexis 18239(Ordering that the Writ of Habeas Corpus issue within 60 days, given petitioner's 13-month detention and the INS'S inability to assure the court that the paperwork from CHINA was on it way); ABDU V. ASHCROFT, 2002 U.S. Dist.Lexis 19050 at*7(W.D.WASH.FEBRUARY 28, 2002)(Government failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably

foreseeable future); KACANIC,2001 U.S.Dist.21848(Where alien had been detained for one year, lack of a definitive answer from foreign embassy as to issuance of trsvel documents- or any indiction that removal was not reasonably foreseeable); Mohamed v. Ashcroft, 2002 U.S. Dist Lexis 16179 *7 (W.D. Wash. April 15, 2002)(granting Writ of Habeas Corpus where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonable foreseeable future).

## SUBSTANTIVE DUE PROCESS VIOLATION

Petitioner continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bobily restrant. The due process clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondent's would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Paul Johnson Jr can not be deported.The Supreme court in Zadvydas thus interpreted INS & 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would would go beyond the government's articulated interest--to effect the alien's removal.

## PROCEDURAL DUE PROCESS VIOLATION

Under the due process clause of United States constitution,an alien is entitled to a timely and meaningful opportunity to demonstrate that he should NOT be detained. The petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the petitioner to demand a decision,ensure that a decision will ever be made,or appeal a custody decision that violates ZADVYDAS.

## COOPERATION OF PETITIONER

The petitioner has cooperated with immigration giving them a copies of his of his Liberian Passport,see Ex.A. The petitioner also wrote to the embassy giving them copies of his passport and birth certificate. petitioner wrote to Immgration asking when are they going to send him back to Liberia.

There is little harm threatened by the release of the petitioner, largely because his release will be condition on IMMIGRATION SUPERVISION. Finally,the public interest is served by the petitioner's release,because the alternative continued indefinite detention-poses serious constitutional risks as the supreme court explained,"Freedom from imprisonment-from Government custody, detention,or other forms of physical restraint-lies at the heart of the liberty that the DUE PROCESS CLAUSE PROTECT.

PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Grant Petitioner a writ of Habeas Corpus directing the Respondent's to immediately release the Petitoner from custody ;

3. Order Respondents to refrain from tranferring the Petitioner out the jurisdictin of the BICE Boston District Director during the pendency of these proceedings and while Petitioner remains in Respondents custody; and

4. Grant any other and further relief which this Court deems just and fair and proper,

RESPECTFULLY SUBMITTED,

PAUL JOHNSON JR., PRO SE
WYATT DETENTION CENTER
950 HIGH STREET
CENTRAL FALLS, RI 02863

# EXHIBIT A

Baby Cooper

# REPUBLIC OF LIBERIA

BONG MINE HOSPITAL

## CERTIFICATE OF BIRTH

Name of Child : PAUL M. JOHNSON, JR Sex : MALE

Time of birth : a. m. : 9:40 p. m. Date : FEBRUARY 24, 1981

Place of birth : BONG MINE MEDICAL CENTER

| FATHER OF CHILD | | MOTHER OF CHILD | |
|---|---|---|---|
| Name : | PAUL MOBO JOHNSON | Name : | PATRICIAN ANDREWS |
| Nationality : | LIBERIAN | Nationality : | LIBERIAN |
| Tribe : | KRU | Tribe : | KPELLE |
| Birth Place : | BARCLEVILLE, LIBERIA | Birth Place : | FIRESTONE, LIBERIA |
| Occupation : | ACCOUNTANT | Occupation : | STUDENT |
| Present Residence : | PAYNESVILLE, MONROVIA | Present Residence : | LOGAN-TOWN, MONROVIA |

Nigerian    Cooper

I hereby certify that I, the undersigned attended the birth of the above named child who was born alive on the above mentioned date.

SIGNATURE : [signature] Dr. med. D. Wissinger Chief Surgeon Bong Mine Health Dept.

Information about previous children born to this mother:

How many children previously born alive but now dead ? 0

How many children born dead ? 0 How many are now living ? 2+1=3

U.S. Department of Justice
Immigration and Naturalization Service
JFK Building, Room E-160
Boston, Ma 02203

**PAUL MOBO JOHNSON, JR**
**P.O. BOX 8249, D-211-TOP**
**CRANSTON, RI 02920**

CONTROL NUMBER:
FILE NUMBER: **A26 203 753**
DATE: **08/20/01**

In reply to your request, the following information is furnished from the records of this service>

Name of Subject: **PAUL MOBO JOHNSON**

Date of Birth: **JUNE 28, 1945**

Place of Birth: **LIBERIA**

Information regarding Lawful Permanent resident Status:

Class of Admission: **N/A**

Port/Place of Entry: **N/A**

Date of Entry: **N/A**

Information on Naturalization/Citizenship:

Date of Naturalization/Citizenship: **JUL7 5, 1989**

Place of Naturalization/Citizenship: **U.S. DISTRICT COURT, NEWARK, NJ**

Certificate Number: **14222834**

Other:

The above information was taken from the documents indicated below and was recorded on the above date.

☐Birth Certificate
☐Petition for Naturalization
■Immigration and Naturalization Service

Sincerely,

[signature]

Assistant District Director - Examinations
Boston District Office
G-342
(rev. 3-15-83)Y

*This passport contains 32 pages*
*Ce passeport contient 32 pages*

OR/071985-86

# Republic of Liberia

## This Passport

is granted to

Paul Johnson, Jr.

First page

Endorsement

IMMIGRATION OFFICE
SEEN ON DEPARTURE
ROBERTSFIELD

5/11/90

BUREAU OF IMMIGRATION & NATURALIZATION
MINISTRY OF JUSTICE, R.L.
DEPARTURE
EXIT VALID FOR SEVEN DAYS
CENTRAL AUTHORITY
10 MAY 1990

Sixth page

Endorsement

No. 946

MINISTRY OF FOREIGN AFFAIRS
MONROVIA, LIBERIA

The validity of this passport is Renewed
Extended for a period of THREE (3) years
as of JANUARY 16, 1990

by authority of the
Minister of Foreign Affairs

MINISTRY OF FOREIGN AFFAIRS
MONROVIA, R.L.

Seventh page

U.S. Department of Homeland Security
John F. Kennedy Federal Building
Boston, MA 02203

U.S. Immigration and Customs Enforcement

Name: JOHNSON, Paul
A#: 42 741 121

C/O Wyatt Detention Center

# Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about: **(06/23/2006)** . The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement
Attn: POCR Unit
JFK Federal Building, Government Center
Boston, Ma 02203

METHOD OF SERVICE

I certify that this form was provided to the alien by: (Hand) (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(✓) CC: A-file

Louis A Mahar — Signature of Officer

Louis A Mahar — Print Name of Officer

_05/09/06_ Date

*Office of Detention and Removal Operations*
*New England Field Division*

**U.S. Department of Homeland Security**
JFK Federal Building
Government Center
Boston, MA 02203

**U.S. Immigration and Customs Enforcement**

JOHNSON, Paul
C/O WYATT DETENTION CENTER

A42 274 124

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You are a native and citizen of Liberia who entered the United States on May 12, 1990. On April 17, 2003 you were ordered removed from the United States by an Immigration Judge.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting the Government of Liberia to approve your case for final removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by *06-23-06*, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

BRUCE E. CHADBOURNE, Field Office Director

3/29/06
Date

U.S. Department of Homeland Security
John F. Kennedy Federal Building
Boston, MA 02203

U.S. Immigration and Customs Enforcement

---

Name: JOHNSON, Paul
A#: 42 274 124

C/O Wyatt Detention Center

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about: **(03/23/06)** . The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement
Attn: POCR Unit
JFK Federal Building, Government Center
Boston, Ma 02203

METHOD OF SERVICE

I certify that this form was provided to the alien by: (Hand) (Institution Mail)
(✓) CC: Attorney of Record or Designated Representative
(✓) CC: A-file

Louis A Mahar — Signature of Officer
Louis A Mahar — Print Name of Officer
01/27/06 — Date